Simodejka *v.* Williams, Appellant.

Argued September 29, 1948. Before MAXEY, C. J. DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James J. Burns, Jr.,* for appellant.

*Benjamin B. Crone,* with him *Michael W. Huron* and *Crone & Cohen,* for appellee.

OPINION BY MR. JUSTICE LINN, November 8, 1948:

This appeal depends on the construction of Rule 2255 of our Rules of Civil Procedure. It provides, "(a) The procedure, including pleadings, between the party adjoining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."

One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action. *Rau v. Manko,* 341 Pa. 17, 23, 17 A. 2d 422, 425-6 (1941). The rules of civil procedure are remedial, expressly intended to avoid multiplicity of suits, and therefore should be liberally construed to accomplish the purpose for which they were adopted: *Vinnacombe v. Phila.,* 297 Pa. 564, 569, 147 A. 826, 827 (1929). The transaction constituting the cause of action in the case now before us was the negligent driving of two automobiles which came into collision with resulting damage; the violation of duty of one or both the drivers of the cars was the cause of action, not the damage legally caused by that negligence, as the court below seems to have thought. Compare *Fields v. Phila. Rapid Transit Co.,* 273 Pa. 282, 285, 117 A. 59, 60 (1922).

Michael Simodejka, hereinafter called Michael, sued Evan Williams to recover for personal injuries resulting from a collision by automobiles driven by them. Williams, the defendant, answered Michael's complaint by pleading that in two other suits (incorporated by reference) growing out of the same transaction and tried together the liability of Williams and Michael, as to each other, had been determined and satisfied and for that reason he was entitled to judgment in this suit. To that answer, Michael, the plaintiff, replied, admitting the trials of the two suits, but denying that "the issue of liability between him and Evan Williams, defendant, has been decided in the two actions above referred to, denies that the same is now a matter of the judgment of record, and denies that his present Action is barred by the judgments previously entered in the two suits above referred to, and denies that the same are res adjudicata."

George Simodejka, hereinafter called George, owned the automobile which was driven by Michael and damaged by the collision. Williams, driving the other car, had a passenger, Bosanac, who was injured. The collision therefore involved four parties who claimed damages: George, Michael, Williams and Bosanac.

George sued Williams for damage to George's car. Williams answered George and filed a complaint against Michael, joining him as additional defendant, claiming from Michael damages for losses suffered by him, Williams.

Bosanac sued Michael who brought in Williams as additional defendant. These two cases, George's suit against Williams and Bosanac's suit against Michael, were tried together and on March 6, 1947, the jury rendered verdicts for plaintiffs in each case against both original and additional defendants. Both judgments were paid on March 7, 1947.

Five days after these judgments were paid and satisfied, Michael, on March 12, 1947, brought the present

suit against Williams to recover for personal injuries; Williams answered that the cause of action had been adjudicated and satisfied as above stated.

When Williams, in answering George's complaint, also brought in Michael as additional defendant, he, Williams, pursuant to Rule 2255, became a plaintiff as against Michael and Michael became a defendant opposed to Williams; when Bosanac sued Michael who brought in Williams, Michael became a plaintiff as against Williams; in other words, as the rule provided, they became adverse parties as to each other as much as the original defendants were adverse to the original plaintiffs. In such circumstances, if the jury should find (as it did find) that Michael and Williams were joint tortfeasors, Michael became entitled to contribution from Williams and was entitled to get it in this action.[1] One of the issues between Williams and Michael for decision in the case therefore was whether there should be contribution. If one of the elements of Michael's cause of action against Williams was a right to recover for personal injury, Michael should have claimed for it in his complaint against Williams as additional defendant and also in his reply to Williams's complaint; he may not split his cause of action, i. e., Williams's negligent driving, into two parts and bring two suits and get contribution in one and personal injury damages in another suit: *Fields v. Philadelphia Rapid Transit Co.*, supra. The purpose of the rule, as has been stated, was to prevent such multiplicity of suits; Michael's right to personal injury damages should have been tried with the other rights resulting from the collision. Not having chosen to claim all his damages in the prior action the omitted element became merged in the judgment:

---

[1] The Act of June 24, 1939, P. L. 1075, section 1, 12 PS 2081, provides, "Contribution shall be enforcible among those who are jointly or severally liable for a tort where, as between them, such liabilities are either all primary or all secondary."

*Wallace's Estate*, 316 Pa. 148, 153, 174 A. 397, 399 (1934); *Central Pennsylvania Lumber Co. v. Carter et al.*, 348 Pa. 429, 431, 35 A. 2d 282, 283 (1944). In the course of the opinion filed below, Judge ADAMS said, "Embodied in the prior judgments is a finding that plaintiff was negligent. But that fact is not *res judicata* in the present action. The causes of action are not the same. In the prior cases there were adjudications of the claim of the car owner against the present plaintiff and defendant, and the claim of the passenger against the present plaintiff and defendant. There was no adjudication of the claim of the present plaintiff against the present defendant. His is a different cause of action." This is not a correct analysis of the proceedings. The verdicts determined that the cause of action was the negligence of both Michael and Williams. Michael's cause of action, the basis of his complaint in the present suit, is the same cause of action on which he received contribution in the other suit. It is immaterial, in now passing on Williams's motion for judgment on the pleadings that George and Bosanac were also parties in the prior suits: *Tasin et al. v. Bastress*, 284 Pa. 47, 51, 130 A. 417, 418 (1925); *Pittsburgh & Lake Erie R. R. v. McKees Rocks Borough*, 287 Pa. 311, 317, 135 A. 227, 229 (1926).

The court below and the appellee referred to *Jordan v. Chambers*, 226 Pa. 573, 75 A. 956 (1910) and *Samuels v. Johnson et al.*, 355 Pa. 624, 50 A. 2d 670 (1947). These cases do not aid plaintiff. In the *Jordan* case co-defendants were sued in ejectment; they did not, as between themselves, stand in the adverse relation of plaintiff and defendant as Rule 2255 required Michael and Williams to stand. In *Samuels v. Johnson et al.*, the decision was that there was no abuse of discretion in granting new trials to the plaintiffs, Samuels and Schweitzer, in the suits against Johnson, defendant, and Yost, additional defendant. The liability of Yost to Johnson had been determined in a separate suit brought

by Johnson against Yost and the judgment rendered in that suit against Yost had been satisfied; in other words Johnson and Yost satisfied whatever liabilities existed between them. We held that it did not appear how that satisfaction of the liabilities between Johnson and Yost showed abuse of discretion in granting new trials to the plaintiffs suing Johnson. That decision does not support the order made by the court below.

On behalf of the appellee, Michael, cases are cited from other states [2] but they are not in point; it does not appear in any of them that the defendants were adverse to each other as Michael and Williams were adverse parties pursuant to Rule 2255. In all but one of them, the suits were brought against co-defendants, who, so far as appears, were not parties adverse to each other. In *Bakula v. Schwab*, 167 Wis. 546, 168 N. W. 378 (1918), a defendant was added, but as the report states, "No cross-complaint was made or filed by either defendant, and there was no issue between them." A verdict was directed in favor of the additional defendant.

Appellee also cites section 82 of the Restatement of Judgments. This section entitled Non-adversary parties, deals with judgments in the case of parties "who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves." As its words show, it has nothing to do with the present case in which the procedural rule made these parties adverse parties.

The order appealed from is reversed and judgment is entered for the defendant.

---

[2] *Trotter v. Klein*, 140 Misc. Rep. 78, 249 N. Y. S. 20 (1930); *Glaser v. Huette*, 232 App. Div. 119, 249 N. Y. S. 374 (1931); *Israel v. Krupa*, 180 Misc. 995, 43 N. Y. S. (2d) 113 (1943); *Pearlman et al. v. Truppo*, 10 N. J. Misc. 477, 159 A. 623 (1932); *Hardy v. Rosenthal*, 2 C. A. (2d) 442, 38 Pac. (2d) 412, (1934).