## Bailey v. McCormick et al.

*Gallagher & Gallagher*, for plaintiff.

*E. MacTroutman, Penrose Hertzler* and *Roy P. Hicks*, for defendant.

*Arthur E. Ricchiuti* and *J. F. Mahoney*, for additional defendant.

DALTON, J., April 3, 1950.—This is an action of trespass brought to recover for personal injuries suffered by plaintiff, a pedestrian, as the result of a rear-end collision between a motor vehicle operated by a servant of the original defendant and another motor vehicle operated by a servant of the additional defend-

ant. Original defendant brought in additional defendant on the allegation that additional defendant was alone liable or jointly or severally liable with original defendant for plaintiff's injuries: Pa. R. C. P. 2252 (a). Additional defendant filed an answer to original defendant's complaint and also filed a counterclaim against original defendant for property damages arising out of the collision. Original defendant then moved to strike off additional defendant's counterclaim and simultaneously moved for judgment against additional defendant on the pleadings. These two motions are now before us for disposition.

The question raised by the motion to strike off the counterclaim is whether an additional defendant in a trespass action may file a counterclaim against original defendant for damages arising out of the same accident on which plaintiff's claim is based. There is nothing in the Rules of Civil Procedure which prohibits such action. Original defendant relies on Pa. R. C. P. 2255 (b), which states that:

"No pleadings shall be filed between the additional defendant and any party other than the one joining him except that the additional defendant may file a counterclaim against the plaintiff."

The rule cited relates only to pleadings between additional defendant and a party other than the one joining him; it has no application to pleadings between additional defendant and original defendant who has joined him. The applicable rule is Pa. R. C. P. 2255 (a), which provides that:

"The procedure including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."

Neither this rule nor any other rule prohibits the additional defendant from filing a counterclaim against

original defendant. The only limitation on the right to such counterclaim is that the counterclaim must be founded "upon the transaction, occurrence or series of transactions or occurrences out of which the original cause of action arose": Pa. R. C. P. 2256(*b*). See Stein v. Pittsburgh Ry. Co., 93 Pitts. L. J. 64, where additional defendant's right to counterclaim against original defendant was upheld

"The additional defendant is only permitted to assert a counterclaim which arises from the background out of which the plaintiff's cause of action arose and this counterclaim may only be asserted against defendant or the plaintiff": Goodrich-Amram, sec. 2255(*b*)-1.

Original defendant cites the cases of Kaszalowicz et ux. v. Mowry et al., 47 D. & C. 122, and Bigler admx., v. Perry et al., 55 D. & C. 544. We are compelled to disagree with the reasoning of those decisions. In the Kaszalowicz case the court expressly conceded that Pa. R. C. P. 2255 (*a*) and 2256(*b*) "are evidently intended to permit an additional defendant now to file a counterclaim against the original defendant," yet the court denied the additional defendant the right to do so on the ground that the rules permitting joinder "cannot be interpreted to permit an original defendant joining an additional defendant to assert against the latter his ... separate claim for damages" and that the right of the additional defendant should not rise any higher. But the premise on which this reasoning is based has been destroyed by the recent decision of the Supreme Court in Simodejka v. Williams, 360 Pa. 332, where it was held that an original defendant in a trespass action who brings in an additional defendant must litigate in that action his claim for damages against the additional defendant arising out of the same accident, or he will be thereafter barred from doing so in a separate action, by application of the doctrine of res adjudicata. The Bigler case, also cited by original defendant, follows the rea-

soning of the Kaszalowicz case and consequently rests on the same erroneous major premises. In addition, the Bigler case relies on an isolated, ambiguous sentence in Goodrich-Amram, section 225(*b*)-1. The editors of Goodrich-Amram have corrected that ambiguity where they say: "To avoid ambiguity, the fourth sentence of Paragraph 2 of the text should read: 'The new rules also permit the additional defendant to file a counterclaim against the plaintiff but he cannot file a counterclaim against any other party except the original defendant nor may he file any other pleading against the plaintiff or any other party' ": Goodrich-Amram, Anno §2255(*b*)-1 1950 Release.

It is not necessary for us to discuss the interesting question debated in the briefs of the parties, as to whether the decision in Simodejka v. Williams, 360 Pa. 332, supra, compels additional defendant in the case at bar to assert in this action his claim for damages against original defendant. The question now to be decided is not whether additional defendant must assert his counterclaim but whether he may do so. For present purposes, the significance of the Simodejka case lies in the following language at p. 333:

"One of the purposes of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action. . . . The rules of civil procedure are remedial, expressly intended to avoid multiplicity of suits, and therefore should be liberally construed to accomplish the purpose for which they were adopted."

In view of this authoritative statement of purpose and authoritative direction as to the manner in which the rules of procedure are to be construed, we are of opinion that Pa. R. C. P. 2255(*a*) and 2256(*b*) permit an additional defendant in a trespass action to assert a

counterclaim against original defendant, who has joined him, if the counterclaim is founded upon the transaction, occurrence or series of transactions or occurrences out of which the original cause of action arose. There is nothing in the rules which would require a contrary result. The motion to strike off the counterclaim is overruled.

The motion for judgment on the pleadings is expressly limited to the same question and is overruled for the same reason.

In her brief original defendant argues additionally that the pleadings establish contributory negligence on the part of additional defendant "in parking said vehicle on the highway". This question was not raised by the motion for judgment, which was expressly confined to the objection which we have already adversely decided. Furthermore, we are of opinion that the alleged contributory negligence of additional defendant does not so clearly appear upon the face of additional defendant's counterclaim that we would be justified in entering judgment on the pleadings.

And now, April 3, 1950, the motion to strike off additional defendant's counterclaim and the motion for judgment on the pleadings are both overruled.