## Luizer v. Heigel

*Wallace H. Webster, Jr.*, for plaintiff.

*Irving W. Coleman*, for defendant.

HENNINGER, P. J., September 25, 1950.—Plaintiff sued defendant for damages to his automobile caused,

according to plaintiff's complaint, by defendant's negligence.

Defendant filed an answer with new matter to which plaintiff filed a reply, whereupon defendant filed an amended answer to which plaintiff filed a pleading marked "Preliminary Objections". We take it that the amended answer and preliminary objections thereto render nugatory the original answer, new matter and reply.

The new matter set forth in the amended answer avers that in another action one Casper Simmers sued plaintiff for his damages; that in that action plaintiff joined defendant as an additional defendant, without claiming against present defendant, his (Luizer's) claim for his own damages, the subject of the present suit; that present plaintiff and defendant settled with Simmers by each contributing one half of his damages; that the Simmers case was then marked "settled, discontinued and costs paid"; and that plaintiff's insurance carrier as plaintiff's agent had agreed as a part of that settlement that plaintiff and defendant would not seek redress against each other. Defendant avers that the legal effect of this agreement and of plaintiff's joining defendant in the Simmers case and settling the same without stating a case against defendant forever barred him from making such a claim.

Plaintiff's preliminary objections admit most of the allegations in the new matter but deny the legal effect and request that the new matter be stricken off.

If, as alleged by defendant, plaintiff's insurance adjuster in the other action was in fact his authorized agent to settle his claim against defendant and if plaintiff's agent did agree in consideration of defendant's contribution to the Simmers claim, to forego his claim against defendant, then the parties have compromised any claims between each other. If plaintiff's adjuster did not have that authority or did not enter into such

an agreement, then plaintiff must deny these allegations and the preliminary objections are not well taken.

Since the earlier averments objected to simply support the one averring an actual compromise of the parties' claims against each other, they are relevant although they also indicate that the settlement and discontinuance of Simmers' claim was an adjudication of the parties' claim. Simodejka v. Williams, 360 Pa. 332, 336, does not go so far; it merely holds that in an adjudicated case all claims of the parties against each other are also adjudicated. The Simmers case was not adjudicated, but compromised.

While marking a case "settled" may be res judicata against the party so marking, we are not prepared to say that it has that effect as between other parties. Since our present proceeding relates to preliminary objections to new matter and is not for judgment on the pleadings, the question of the legal effect of the settlement with Simmers is not now before us.

Now, September 25, 1950, plaintiff's preliminary objections to defendant's new matter are dismissed and plaintiff is ordered to reply over on the merits within 20 days after service of this order on his counsel.