## Chenger v. Peccan

*David H. Weiner*, for plaintiff.
*Francis H. Patrono*, for defendant.

GIBSON, P. J., May 4, 1953.—This case comes before the court on a motion for judgment wherein defendant asks us to determine that plaintiff cannot recover by reason of a previous trial and judgment where both plaintiff and defendant in this suit were defendants.

Plaintiff filed his complaint in trespass, alleging that on June 3, 1951, at about 5:45 p.m., on Legislative Route 88 in Centerville Borough, defendant negligently operated an automobile causing damage to plaintiff's truck.

Defendant filed an answer containing new matter, which sets forth that defendant and Paul Chenger, under the name of Paul Schergan, were both defendants in an action of trespass brought by Emiren Battaglini and Susan Battaglini, his wife, at August term, 1951, A. D., no. 307, of this court, in a cause of action which grew out of the same collision at the same time and place when the automobile operated by Paul Schergan collided with an automobile operated by Emiren Battaglini which resulted in verdicts in favor of the two Battaglinis against the two defendants, and thereby the negligence of both parties defendant in that suit, being parties plaintiff and defendant in this suit, was determined.

In plaintiff's reply to new matter filed, the allegations of fact were admitted, but the conclusion regarding the establishment of the negligence of Paul Schergan in this action is denied.

Defendant moves for a judgment on the pleadings claiming that the verdicts at August term, 1951, no. 307, and judgments entered thereon, unappealed from, are res judicata as shown by the decisions in Simodejka v. Williams, 360 Pa. 332.

There can be no question that this case arises from the same accident and under the same circumstances as the suit at August term, 1951, no. 307, of Battaglini v. Schergan and Peccan (Paul Schergan being the same person as Paul Chenger), and that both of these parties were defendants at August term 1951, no. 307, and judgments were recovered against both of them. This clearly indicates that, under the instructions given to the jury, the jury found that both Paul Schergan and Lawrence A. Peccan were negligent and their concurring negligence caused the accident and injuries for which the Battaglinis recovered.

The question is, Does the recovery against Paul Chenger and Lawrence A. Peccan in that suit bar the right of Paul Chenger to proceed against Lawrence A. Peccan in this suit. We have been unable to find any Pennsylvania decision directly in point.

In A. L. I. Restatement of the Law of Judgments, §82, it is said:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate between themselves."

And in the comment, on page 386, "where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely

responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend on his liability to the injured person", citing as an illustration the very circumstance we are considering.

We think this rule governs the question raised here unless it be modified by Simodejka v. Williams, 360 Pa. 332. We think that case is distinguishable, because in that case one of the parties was a defendant in the previous action and the other was an additional defendant. Under Pa. R. C. P. 2255, defendant and additional defendant were adverse parties and therefore do not come under the rule cited in A. L. I. Restatement of the Law of Judgments, §82.

Pennsylvania Rule of Civil Procedure 2252 provides that a defendant may file as of course a præcipe to a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over on the cause of action declared upon or jointly or severally liable thereon. It further provides that defendant or additional defendant shall file with the præcipe a complaint in the manner and form required of the initial pleading of plaintiff in the action, setting forth the facts relied upon to establish the liability of additional defendant and the relief demanded.

Under rule 2255 the status of the parties is fixed, wherein the party joining an additional defendant is as to him a plaintiff and additional defendant is as to such plaintiff a defendant. So that, where an additional defendant is joined under these rules, there become three parties to the action. Plaintiff and defendant are adverse parties as to each other, and additional defendant is an adverse party as to both plaintiff and defendant. This case does not decide that joint defendants are adverse to each other.

We, therefore, follow the rule in A. L. I. Restatement of the Law of Judgments, §82, and hold that the parties plaintiff and defendant in this suit were not adversaries under the pleadings in the Battaglini case and their rights as between themselves were not litigated, neither did they have an opportunity to litigate them between themselves in that case, and, therefore, the judgment in the Battaglini case is not res judicata as to the rights of these parties.

And now, May 4, 1953, defendant's motion for judgment on the pleadings is overruled.