### Ramage et ux. v. Merchant et al.

532

*Brockway, McKay & Brockway* and *Albert E. Acker*, for plaintiffs.

*Stranahan & Sampson* and *John Q. Stranahan*, for defendant Merchant.

*Weisen, Cusick & Madden* and *Martin E. Cusick*, for defendant Snyder.

RODGERS, P. J., February 26, 1954.—The subject matter of this action occurred at the intersection of Routes 18 and 518 in Hickory Township, Mercer County, Pa. Route 18 is a through highway running north and south. Route 518 is a stop highway running generally east and west.

Leo W. Ramage (Ramage) with his passenger,

Georgia Ramage, traveled east on Route 518 into the intersection above mentioned. David Merchant (Merchant) with his passenger, Dolores Sulecki, and driving the car owned by William Sulecki, was apparently traveling in a southerly direction on Route 18, and entered the intersection above mentioned. Sulecki's right front fender came in contact with the right fender of the Ramage care and Merchant then proceeded into the ditch on the eastern side of Route 18. Immediately after this contact, the Frederick J. Snyder (Snyder) automobile proceeding south on Route 18 entered the intersection and made contact with the left side of the Ramage automobile. Damage was caused to the Sulecki automobile, to Dolores Sulecki, to Ramage, to Georgia Ramage, to the Snyder automobile and to the Ramage automobile.

### The Ramage Action

On May 8, 1952, Leo W. Ramage and Georgia Ramage filed suit against David Merchant and Frederick J. Snyder at June term, 1952, no. 134. In this action Ramage claimed damages for his personal injuries, for damages to his automobile and for damages growing out of the injuries to his wife, Georgia Ramage. Georgia Ramage claimed damages for personal injuries.

On August 4, 1952, the action of Leo W. Ramage was severed from the action of Georgia Ramage, and Leo W. Ramage was joined as an additional defendant in the action of Georgia Ramage v. Merchant and Snyder.

### The Sulecki Action

On June 26, 1952, at September term, 1952, no. 42, William Sulecki and Dolores Sulecki, by her guardian, brought an action against Leo W. Ramage alleging damages to the Sulecki automobile and medical expenses and pain and suffering incurred by Dolores

Sulecki. Leo W. Ramage then joined David Merchant and Frederick J. Snyder as additional defendants. In his petition joining (these) additional defendants, Leo W. Ramage stated: "The accident complained of in this captioned action is the same accident and the same facts as in the suit at 134, June term, 1952". In his complaint to join additional defendants, Leo W. Ramage states that Merchant and Snyder "should be joined as additional defendants for the reasons that one or the other of the said additional defendants is alone severally liable to the plaintiffs, if it be found that the original defendant is liable then the additional defendants are jointly liable with the original defendant, or severally liable with the original defendant, or jointly and severally liable with the original defendant".

Ramage made no other claim for damages in this action. The matter went to trial on May 15, 1953. During the course of that trial, the court granted Frederick J. Snyder a compulsory nonsuit as to the claim or claims against him.

At the close of the trial, the jury found defendant Leo W. Ramage "guilty of negligence" and awarded damages to plaintiffs, William Sulecki and Dolores W. Sulecki. They also found "the defendant, David Merchant, not guilty of negligence". No action was taken to remove the compulsory nonsuit and the appeal period was permitted to pass without action. The verdict was paid by Leo W. Ramage and was marked settled and discontinued.

At the termination of the Sulecki action against Ramage to which David Merchant and Frederick J. Snyder were joined as additional defendants by Ramage as described above, David Merchant moved for judgment on the pleadings on the ground that the judgment in the Sulecki case was res adjudicata with reference to the action of Leo W. Ramage against

David Merchant, and Snyder made a like motion on the ground of the compulsory nonsuit granted him there.

Plaintiff Ramage argues that the matter is not res adjudicata because the parties are not identical, because rule 2255 (*a*) makes the parties adverse parties only in a technical sense, and because he made no claim against additional defendants. The Supreme Court in Simodejka v. Williams, 360 Pa. 332, answers these arguments fully. At page 335 with reference to rule 2255 (*a*), the court said: "They became adverse parties as to each other as much as the original defendants were adverse to the original plaintiffs".

With respect to the lack of identity of parties the court at page 336 of the same case said: "It is immaterial, in now passing on Williams' motion for judgment on the pleadings that George and Bosanac were also parties in the prior suits".

With respect to the claims made the court at page 335 said:

"One of the issues between Williams and Michael for decision in the case therefore was whether there should be contribution. If one of the elements of Michael's cause of action against Williams was a right to recover for personal injury, Michael should have claimed for it in his complaint against Williams as additional defendant."

One point remains with reference to the contentions of Ramage in reference to Merchant. That is, does the fact that Ramage had begun this action prior to the beginning of his action in the Sulecki case make an operative difference between the case and the Simodejek case? Ramage, of course, argues that it does and in support thereof he alleges that he could not have brought his claims against Merchant in the Sulecki case because of the fact that he had already begun this action against Merchant at a prior date.

We cannot agree with this argument. There is no assurance that Ramage would not have been permitted to state his claims against Merchant in the Sulecki case for the damages now at issue had he attempted to do so. The rules of procedure requiring a person to bring all his claims in one action might well, with the strong support the courts have given them, have overcome an objection of the pendency of a prior action.

In fact it has been held in this Commonwealth that the existence of another action still pending and undisposed of in the same court is no reason to abate a second action on the same cause. See Randall v. Efta, 55 D. & C. 45 (Erie 1945). In any case he could have taken a voluntary nonsuit in the first action and stated all his claims in the Sulecki action: Myers et al. v. Yost, Jr., et al., 84 D. & C. 30 (1952). Secondly, it must be remembered that Ramage controlled this matter. He was under no requirement to bring Merchant and Snyder into the picture as additional defendant. He did this on his own volition, as a matter of privilege. Had he desired he could have refrained from doing this and brought his action for contribution against Merchant at a later time, perhaps in conjunction with the claim now at issue.

The damage question settled between Ramage and Merchant in the Sulecki action was, of course, with reference to the liability between the parties as to contribution. Suppose that Ramage had decided not to bring Merchant into the Sulecki action and having had a judgment against himself he later sued Merchant for contribution, and that the jury had found Merchant not guilty of negligence. Would there be any doubt under those circumstances that such a judgment would be res adjudicata with reference to the prior claim of Ramage which is the subject of the action now at issue. I think not.

In Fisher v. Hill, 368 Pa. 53, plaintiff lost his wife,

son and automobile in an accident. He brought an action as administrator of the estate of his wife and individually for her death and for damage done to his automobile. He later began another action as administrator of his son's estate and in his own right for his son's death. This action came to issue after judgment had been obtained in the first action. The court said:

"These personal rights (to recover damages for his automobile and for the deaths of both his wife and son) are claims having arisen out of a single cause of action, namely, the negligent act of the defendant, plaintiff should have asserted all of them in his first action. Not having chosen so to do, any omitted claim became merged in the judgment": Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282; and Simodejek v. Williams, 360 Pa. 332.

Certainly the court does not propose to permit a party to evade the impact of this rule by the simple expedient of bringing two actions and trying a second action first. It has been suggested that additional defendants are estopped from complaining about the continuation of the first action because they did not complain about the institution of the second action. This argument fails: First, because there is no real estoppel present but mainly because the court has an interest here in expediting its own work and has made rules for this purpose which "should be liberally construed to accomplish the purpose for which they were adopted". That is, they are to protect the positions of all persons who wish to make use of the courts. See Simodejek v. Williams, 360 Pa. 332, 333.

The motion of the defendant, Snyder, presents an additional problem. That is, the question of the effect of Pa. R. C. P. 231 (b), which provides that: "After the entry of a compulsory non-suit the plaintiff may not commence a second action upon the same cause of action". Counsel for Ramage argues that this rule

is entirely clear and can have no application in this case because the present action was commenced prior to the entry of the compulsory nonsuit. While the wording of rule 231(*b*) is clear if read in vacuum, it certainly is not clear when read in conjunction with the facts of this case and res adjudicata principle.

In Goodrich-Amram, sec. 231(*a*)(3), the writer stated:

"The phrase 'second action' is a phrase of art; it is not a statement of a mathematical limitation. The prior practice used the phrase as the equivalent of *'another action'."*

In section 231(b)(1), Compulsory Nonsuit, the writer says:

"There is no change in the basis for the procedure, the time of entry, the power of the court, or the legal effect . . . under Rule 231(*b*), the nonsuit is now a complete bar to a second action, even if the plaintiff makes no motion to take off the nonsuit."

It seems clear that the intent of the court in making the rule was to give the compulsory nonsuit the finality of an appealable judgment unless plaintiff succeeded in removing the nonsuit. Whether we are justified in so holding where the action at issue was commenced prior to the entry of the nonsuit must depend on our consideration of the history of the rule in the cases and the background of the rule and on the treatment of the rule as stated by the court.

The legislature by Act of March 11, 1836, P. L. (1835-36) 76, 78, established and regulated the practice in the District Court of Philadelphia. It provided that in the case where plaintiff has suffered a compulsory nonsuit he could move to set aside the nonsuit, and provided further that if the court refused to set aside the nonsuit plaintiff could appeal to the Supreme Court "with like effect as he might remove a judgment

rendered against him upon a demurrer to evidence".
Judge Gibson in the case of Fleming v. Insurance Company, 4 Clark 54, ruled that even after the trial court's refusal to take off a nonsuit plaintiff might bring another action. By Act of March 11, 1875, P. L. 6, the legislature passed a statute similar to the Philadelphia practice making it effective for the entire State. Thereafter, Chief Justice von Moschzisker, writing in the case of Fine v. Soifer, 288 Pa. 164, decided the effect of a court en banc's refusal to remove a nonsuit on the right of plaintiff to begin another action. He concluded that the refusal to remove the nonsuit constituted in effect a final judgment which, if not appealed from, became res adjudicata. The chief justice felt that the Fleming case was not binding on the court because first, Judge Gibson was sitting as a trial court judge when he wrote the decision and secondly, because the Philadelphia act was approved and passed at a different time and for a different purpose than the Act of 1875.

The court said (page 172) :

"We believe that the object in passing the Act of 1875 was to relieve the courts from a situation of congestion, by shortening the time consumed in the trial of causes", and (page 173) "was passed to save time to overcrowded courts, and thus to benefit all litigants equally". The court, therefore, after noting that the act did not specifically state that the refusal to take off a nonsuit was grounds for the granting of a final judgment, concluded, nevertheless, that the refusal of a motion to take off a nonsuit if unappealed from should become in fact a final judgment and res adjudicata of the issue involved.

The note of the Procedural Rules Committee to rule 231 reflects their consciousness of the fact that they were changing the effect of the Act of March 11, 1875,

P. L. 6, sec. 1, 12 PS §645, except as to its appeal provisions.

Rule 231(*b*) then must be read and interpreted in conjunction with the statute which it obviously follows and since there is some doubt as to the intended meaning of the rule with reference to the case at issue, we must in interpreting the rule make use of the direction in Rule 126 of the Rules of Civil Procedure that "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action", and to rule 128(*a*) "that the Supreme Court intends to favor the public interest as against any private interest", and rule 127(*c*) directing us to consider the occasion and necessity for the rule, the circumstances under which it was promulgated, the mischief to be remedied, the prior practice under other rules and acts of assembly upon the same or similar subjects, and the consequences of the particular interpretation suggested.

Our Supreme Court has repeatedly said that our present procedural rules are "remedial, expressly intended to avoid multiplicity of suits, and therefore should be liberally construed to accomplish the purpose for which they were adopted". Simodejek v. Williams, 360 Pa. 332, 333.

With this admonition in mind it seems clear that the intent of rule of the court in rule 231(*b*) is to carry the Act of 1875 one step further and make the compulsory nonsuit final as far as the question of res adjudicata is concerned, unless plaintiff takes the affirmative action of removing the nonsuit. This, of course, is the holding in the case of Shenberger v. Western Maryland Railway Company, 87 D. & C. 117, 120. Ramage's private interest in retrying this action must give way to the public's interest in expediting the work of the courts. It is not reasonable, therefore, after considering the history of the nonsuit in the Pennsylvania

courts, and in consideration of the stated purpose of the procedural rules, to restrict the effectiveness of rule 231(*b*) to its letter. We do not believe that the Supreme Court intended a plaintiff to be able to escape the effectiveness of this rule by commencing a series of actions and procedings with a prior action after a compulsory nonsuit on a later action.

The Supreme Court in Central Pennsylvania Lumber Company v. Carter et al., 348 Pa. 429 (1944), discussed the problem of the compulsory nonsuit and agreed that it was res adjudicata as to all contentions which could properly have been passed upon on the first trial. That is, that a prior judgment growing out of a compulsory nonsuit in a court of competent jurisdiction is conclusive of a pending suit. The court said at page 431:

"The same cause of action cannot be re-tried, and a second suit cannot be predicated on a question of fact already passed on."

We do not here have a case where plaintiff has recovered on one of his claims and is now being refused the right to proceed for additional damages, or a case in which plaintiff has had no day in court. In this case the court and the jury have already decided that Ramage has no right of action against Merchant and Snyder. He has had his day in court. He has no right to a second. This holding simply refuses him the right to another litigation of the same issues.

### Order

And now, February 26, 1954, this matter came on for argument on January 18, 1954, upon defendant's motion for judgment upon the pleadings, and the same was argued, whereupon, after due consideration, it is ordered, adjudged and decreed that judgment shall be entered in favor of David Merchant, defendant and Frederick J. Snyder, defendant and against Leo W. Ramage, plaintiff.