## Wachter v. Little

D. J. *Snyder, Jr.,* and *Kunkle & Trescher,* for plaintiff.

*Smith, Best & Horn,* for defendant.

BAUER, J., January 30, 1956.—This case came on before the court en banc on motion for judgment on the pleadings.

The testimony of the case shows as follows:

Plaintiff is suing defendant for damages to plaintiff's automobile and for personal injuries arising out of an intersection collision between plaintiff's and defendant's cars.

Defendant in his answer set up as new matter that in a previous action at no. 617, August term, 1952, the present plaintiff, Thomas P. Wachter, was defendant in an action wherein Ralph Little, the present defendant, and his passenger, and Jerome Motor Company, owner of the automobile, were suing for their damages and injuries. In this action Ralph Little was severed as a plaintiff and added as an additional defendant. When Thomas P. Wachter added Ralph Little as an additional defendant, it was claimed that he was alone liable or, in the alternative, was jointly liable with Thomas P. Wachter for the damages as claimed by the passenger and the owner of the automobile. In this action no claim whatsoever was made by Thomas P. Wachter upon the cause of action as set forth in the instant case. On March 26, 1954, the action at no. 617, August term, 1952, was settled, discontinued and ended of record and defendant in the instant case now claims that by this voluntary settlement of the case the cause of action of the present plaintiff against the present defendant was settled and was therefore res adjudicata.

We have gone into this matter very carefully and are of the opinion that the case of Simodejka v. Williams, 360 Pa. 332, does not apply to the case now before us. In the Simodejka v. Williams case there was a trial and a verdict, but in the instant case there was a voluntary discontinuance of the action by the present defendant and further, the only claim being made was

the claim for damages by the present defendant and his passenger and the present defendant was added as additional defendant and must be assumed to have contributed to the final settlement of the action.

Nor does the case of Ramage v. Merchant, 87 D. & C. 531, apply because in that case the case had gone to trial and verdicts were returned. When a verdict is returned, of course the matter then becomes res adjudicata.

We are of the opinion that this case is controlled by the case of Luizer v. Heigel (No. 2), 88 D. & C. 378.

We are also of the opinion that unless Thomas P. Wachter and Ralph Little agreed between themselves that they should waive all claims against each other, any action on their part to secure a settlement of an annoying claim against both amounted either to a settlement of their mutual claims or to evidence of such a settlement.

And now, January 30, 1956, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the motion for judgment on the pleadings be and the same herewith is refused.