## Sullivan v. Schwiter

*O'Malley, Morgan, Bour & Gallagher,* for plaintiff.
*Warren, Hill, Henkelman & McMenamin,* and *John T. Griffith,* for defendant.
*James W. Scanlon,* for additional defendant.

ROBINSON, J., April 7, 1958.—This matter is before us on preliminary objections filed by the additional defendant to the original defendants' complaint. The action is in trespass.

The suit grows out of an automobile collision which occurred in the Borough of Shickshinny, Luzerne County, on January 9, 1957. Plaintiff, Anthony Sullivan, and defendants' testator, Emil Schwiter, were operators of the respective motor vehicles involved. Three persons were killed and two seriously injured in the accident. As is to be expected, the ensuing litigation, with the usual severances and joinders, has complications common to multiparty controversies. However, we are only concerned with those facts involved in the questions for decision.

Plaintiff, Sullivan, sued Emil Schwiter's executors to recover for injuries sustained in the accident alleging that Schwiter was negligent in the operation of his motor vehicle. The original defendants filed an answer together with a counterclaim alleging, on the other hand, that the accident was a result of Sullivan's negligence. They claim damages for Schwiter's death. Defendants then instituted the additional defendant proceedings questioned by the objections.

The original defendants joined the American Stores Company in the action averring that plaintiff, Sullivan, at the time of the accident was an employe of the said company, and was acting within the scope of his employment and in furtherance of his employer's business. The original defendants' complaint alleges that by reason of plaintiff employe's negligence the Ameriman Stores Company is responsible for Schwiter's death.

The preliminary objections allege in effect that the original defendants' complaint does not state a cause of action and that the joinder is improper under the Rules of Civil Procedure. We think the objections are well taken and must be sustained.

A study of this complaint reveals a violation of Pa. R. C. P. 2252. Under this rule additional defendants may be joined by an original defendant in an action only when such party "may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him." It is perfectly obvious that this language permits joinder only in a defensive way in respect to plaintiff's claim. Its sole purpose is to permit proof of other responsibility, a division of responsibility or an apportionment of responsibility to plaintiff.

3 Goodrich-Amram Civ. Pract. §2252 (*a*) -5 probably states the rule more clearly:

"Under Rule 2252(a), joinder is permitted only if the additional defendant is (1) alone liable to the plaintiff for the cause of action declared upon by the plaintiff, or (2) liable over to the defendant in regard to such cause of action, or (3) jointly or severally liable with the defendant to the plaintiff on such cause of action.

"Joinder cannot be permitted on any other ground . . ."

The complaint does not rest on an allegation that the additional defendant is alone liable, liable over, or jointly or severally liable with the original defendant in respect to plaintiff's claim. That is not the theory of the joinder. What it does allege is that Sullivan was negligent in the operation of his motor vehicle and that the American Stores Company as his employer is liable to the original defendants for the act of its employe. They seek damage for Schwiter's death. No other claim is pleaded.

The complaint can only be considered as a direct action against American Stores Company to recover for the wrongful death of Schwiter because of the negligence of its employe Sullivan. It is improper under Pa. R. C. P. 2252 et seq. Unless a party is alleged to be alone liable, liable over or jointly and severally liable in respect to plaintiff's cause of action, he may not be joined in additional defendant proceedings. A party may not be joined as additional defendant by the original defendant for the sole purpose of prosecuting that party's separate and distinct cause of action.

Simodejka v. Williams, 360 Pa. 332, relied upon by original defendants is not in point. The parties there were properly in the action and the verdict settled the issues of negligence litigated. Here, the additional defendant is not a valid party for the purpose joined, i.e., to determine its responsibility for the alleged wrong-

ful death of Schwiter. Further, we agree with the contention that American Stores Company can not be liable, under any theory of negligence, to the employe, Sullivan, for his own negligent act and hence not properly joined in this action. See Marino v. Yellow Cab Company of Philadelphia, 39 D. & C. 519.

Now, April 7, 1958, the preliminary objections to the original defendants' complaint are sustained and the complaint dismissed. Exception for original defendants.