# Heller v. Force

*C. W. Dickson,* for plaintiff.

*Gailey C. Keller* and *Smith, Eves & Keller,* for defendant.

KREISHER, P. J., July 12, 1961.—On December 18, 1958, a motor vehicle collision occurred five miles east

of Bloomsburg on U. S. Route 11 which involved three automobiles and a passenger.

On November 21, 1960, Emil Heller instituted an action in trespass to no. 164, October term, 1960, in the Court of Common Pleas of Columbia County, against Hazelwood Foster Miles, Morris Mittleman and Lester Hart, defendants.

On December 12, 1960, Lester Hart, one of the defendants, joined Howard Force as an additional defendant in said action.

On the same date, December 12, 1960, at 3:30 p.m., plaintiff's counsel instituted the above-captioned action.

On January 6th, counsel for defendant filed preliminary objections in conformity with Pa. R. C. P. 1017(b-5) which provides, inter alia, that:

"Preliminary objections are available to any party and are limited to: . . .

"(5) a petition raising the defense of lack of capacity to sue, pendency of a prior action . . ."

In 4 Standard Pa. Pract., Revised, page 39, §26, it is stated:

"Lis pendens is a valid defense only when the parties, the issues, the causes of action, and the relief are the same in both actions."

Applying the foregoing rule to the above-outlined facts, we are inclined to agree with counsel for defendant that the defense applies in this case, and defendant should not be required to answer the complaint because plaintiff's complaint in regard to the said automobile collision must be served upon additional defendant by defendant, Lester Hart, who joined him as an additional defendant in the prior cause of action.

In the case of Moul v. Resser, 71 York 7, it is held that a plaintiff may not split his cause of action. On page 9 of the opinion, the court states:

"Where a defendant joins an additional defendant he must include in his complaint against the additional defendant all claims and rights of action which he has against the additional defendant."

In the case of Simodejka v. Williams, 360 Pa. 332, the court stated:

"If one of the elements of Michael's cause of action against Williams was a right to recover for personal injury, Michael should have claimed for it in his complaint against Williams as additional defendant and also in his reply to Williams's complaint; he may not split his cause of action, i.e., Williams's negligent driving, into two parts and bring two suits and get contribution in one and personal injury damages in another suit:"

Therefore, it would seem to follow that plaintiff would have to assert all of his claims against all of the defendants in the prior single action which would eliminate multiplicity of suits, overlapping of claims and confusion. This is especially so in this case by reason of the fact that plaintiff in the prior action instituted that action by merely issuing a summons without service of a complaint, and one of the original defendants has now ruled plaintiff to file a complaint. Therefore, plaintiff is now put on notice of defendant in the above-captioned action having been added as an additional defendant in the original action, so that, in drawing the complaint in the prior action, he can include his claim against defendant in the above-captioned action. Therefore, without further comment, we enter the following:

## Order of Court

And now, to wit, July 12, 1961, defendant's preliminary objections are sustained, and plaintiff's complaint in the above-captioned action is dismissed.