## Chianese v. Heintz

254

Before Brown and McKenna, JJ.

*Joseph P. Passafiume*, for plaintiff.

*Herbert N. Rosenberg*, for defendant.

BROWN, J., May 1, 1964.—This matter is before the court en banc on defendant's motion for judgment on the pleadings, on a plea of res judicata.

At the outset we point out that judgment on the pleadings should be entered only in clear cases, and where there are no facts in dispute: Wood v. Collingdale Borough, 366 Pa. 624.

Plaintiff's complaint avers that on or about August 24, 1960, at or about 11:20 P.M. in North Huntingdon Township, Westmoreland County, Pa., she was operating her automobile along Route 30, when defendant, operating a vehicle, crossed over into the passing lane immediately in front of plaintiff's vehicle, causing said vehicles to collide and causing plaintiff to sustain the serious and severe personal injuries enumerated in the complaint.

Defendant filed an answer by way of "new matter" in which she stated that the vehicle operated by her at the time of the accident was owned by one Fred Woessner, and that she was operating said vehicle as a bailee on her own business, and not on the business of the said Woessner; that suit was brought by Woessner in the County Court of Allegheny County at no. A-2150 of 1960 against Josephine Chianese, plaintiff above named, and that defendant was brought in as an additional defendant; that a trial was held on January 9, 1961 in the County Court before the Honorable James M. Guffey, and on January 12, 1961, judgment was entered for defendant and for the additional defendant;

that no appeal was taken from the judgment entered in the County Court, and no exceptions were filed thereto; that since the adverse interests of plaintiff and defendant herein were determined by the judgment of the County Court, that judgment is res judicata to the present action.

Plaintiff filed an answer to the "new matter", denying defendant's allegation that the only basis for the court's judgment was that the collision for which suit was brought was entirely accidental and not due to the negligence on the part of either party, but averred that on the contrary, the only basis for the court's judgment was that neither of defendants, Josephine Chianese nor Ruth M. Heintz were liable to Fred Woessner, plaintiff in that action. Plaintiff further denied that defendant and additional defendant in the County Court action were adverse parties, as they were both defendants, and that the adverse interests of the present plaintiff and defendant were not determined by the County Court's action nor is said action res judicata to the case at bar, since the parties and issues in the present case are not the same.

When Josephine Chianese, plaintiff in the instant case, who was defendant in the County Court case, brought Ruth Heintz, defendant in the instant case as additional defendant in the County Court, the interests of the original defendant and the additional defendant became adverse: 20 P. L. Encyc. p. 472.

Pa. R. C. P. 2255 (a) states as follows:

"The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant."

Defendant's counsel, in support of his argument that the judgment of the County Court is res judicata to the present action, cites Simodejka v. Williams, 360 Pa.

332, wherein A, the driver of a car owned by a brother, C, sued B, the driver of the other automobile involved in the accident for personal injuries. Previously C, the owner of the car driven by A, sued B, which later brought in A as additional defendant. There was a verdict for C against B and A. Subsequently, D, a passenger in the auto owned and driven by B, sued A, who in turn brought in B as additional defendant. There was a verdict for D against both A and B. The court, in Simodejka, supra, the action of A versus B, held that if one of the elements of the action of A against B was a right to recover for personal injury, he should have claimed for it in his complaint against B as additional defendant, and also in his reply to the complaint of B; he may not split his cause of action, i.e., B's negligent driving, into two parts and bring two suits and get contribution in one and personal injury damages in another suit.

The cases of Hornstein v. Kramer Bros. Freight Lines, 133 F. 2d 143, and Abraham v. Eberwein, 26 Lehigh 176, cited by plaintiff, are inapposite. In each of those cases one of the parties to the second action was not involved, either as a plaintiff or a defendant, in the first action. Since there was not identify of parties between the two actions, and since no adverse interests existing between plaintiff and defendant in the second action were litigated or decided in the first trial, it was properly held that the first judgment was not res judicata in the second case.

The sine qua non of plaintiff's case rests upon an allegation of negligence on the part of defendant. Since in the County Court action there could be no negligence on the part of the bailor, it is obvious that the only issue of fact determined by the County Court was the issue of negligence of defendant or the additional defendant, and the County Court resolved the issue of negligence in favor of both defendants.

It is true, plaintiff in the case at bar could not have asserted her claim for personal injuries in the County Court, as evidenced by the fact that her complaint avers that she "claims damages of the defendant in an amount in excess of the jurisdiction of the County Court of Allegheny County". The appeal of Josephine Chianese to the County Court was filed November 7, 1960 and at that time the jurisdiction of that court in cases of trespass was limited to $2,500. It was not until the Act of April 28, 1961, P. L. 140, sec. 1, 17 PS §626, that the jurisdiction of the County Court was enlarged to $5,000.

The complaint in the instant case was filed October 7, 1960, a month before the appeal was taken to the County Court. Pa. R. C. P. 213(c) states that when an action is commenced in the County Court of Allegheny County and the defendant asserts a counterclaim or set-off in excess of the jurisdiction of the court, the entire action shall be transferred to the Court of Common Pleas of the county, on the motion of any party in interest.

As was pointed out in Ason v. Leonhart, 402 Pa. 312, the purpose of combining trials is two-fold: one to prevent inconsistent verdicts and another to eliminate trial delays and speed litigation.

It is our opinion, therefore, that the rule of res judicata applies in the instant case.

In Pilgrim Food Products Co. v. Filler Products Co., Inc., 393 Pa. 418, 422, the court held:

"If the parties to an action have had an opportunity to appear and be heard in a prior proceeding involving the same subject matter, all issues of fact which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties even though the causes of action in the two proceedings are not identical."

See also Ede v. Hahn, 192 Pa. Superior Ct. 534.

The recent case of London v. Philadelphia, 412 Pa. 496 (1963), is additional authority that plaintiff in the instant case cannot prevail. In London, an automobile driven by plaintiff collided with a truck owned by the City of Philadelphia and driven by one of its employes. Two passengers in London's automobile were injured in the collision. The passengers sued the City of Philadelphia in the U. S. District Court for the Eastern District of Pennsylvania. The city joined London as third-party defendant. The city settled the claims of the passengers for $20,000, and sought partial recovery from London. The contribution action proceeded and the jury, after trial, returned a verdict in favor of the City and against London for $10,000. London asserted no claim against the City in this action. While the Federal proceedings were pending London commenced suit in the Common Pleas Court of Philadelphia County, seeking damages for injuries he suffered in the accident. The City answered, asserting that judgment in the Federal court contribution action barred London's present action. The Common Pleas Court overruled the City's motion for judgment on the pleadings. London received a verdict against the City for $18,000.00. The city's motion for judgment n.o.v. was overruled. The city appealed and the Supreme Court reversed, holding as follows, page 500:

"In the contribution action, the City was the party-plaintiff and London, the party-defendant; in fact, they were the only parties. The issue for determination was whether or not London was guilty of causative negligence in the collision involved. The jury found that he was. The cause of action was the violation of duty of one, or both, of the drivers involved in the accident, not the damages caused by the collision: Simodejka v. Williams, 360 Pa. 332, 62 A. 2d 17 (1948)."

The Supreme Court, in London, supra, after pointing out (pp. 499-500) that while the Pennsylvania

State court trials are not bound by Federal court procedural rules, particularly specified Federal Rule of Civil Procedure 13(a), which provides for the filing of a counterclaim in an action based upon a claim arising out of the same occurrence or transaction; and went on to say that the procedural rules did not cover this matter as the gravamen involved the negligence of the parties, which was a matter of substantive law, and that this issue, as hereinabove stated, was decided in the Federal court action and could not be again litigated by London in his action in the common pleas court against the city.

For the reasons above stated, the appeal in the county court should have been consolidated with the suit in this court for hearing, and the present plaintiff, having failed to seek such consolidation, is now estopped from asserting her claim against defendant, and therefore defendant's motion for judgment on the pleadings will be granted.

### Order of Court

And now, May 1, 1964, after consideration of the oral arguments and briefs, and in accord with the opinion herein filed, it is ordered, adjudged and decreed that judgment is entered on the pleadings for defendant.

Eo die, exception noted to plaintiff, and bill sealed.