## Dingle v. Dattner

*Joseph F. Gallagher*, for plaintiff.
*Charles L. Casper*, for defendant.

BROMINSKI, J., April 26, 1966.—This matter comes before the court on a motion for judgment on the pleadings by the above named defendant. Plaintiff sued defendant for a sum in excess of $10,000 as the result of injuries and property damage suffered by him in an accident which took place on April 6, 1964, at about 1:40 P. M. on West Bennett Street, Kingston Borough, Luzerne County, Pa., where it is entered from the north by Floralon Drive, a dead end street which forms a "T" intersection with West Bennett Street.

It is alleged plaintiff was traveling in an easterly direction on West Bennett Street when the car driven by defendant came out of Floralon Drive and struck plaintiff's car, knocking it out of control, as a result of which it struck a parked vehicle, injuring two persons in the parked vehicle. These persons sued Frederick C. Dingle, plaintiff in the present proceedings, who brought in the above named defendant, David Dattner, as an additional defendant. The damages claimed were less than $2,000, as a result of which a board of arbitrators heard the case and found against the additional defendant but in favor of the original defendant.

When the original defendant joined the additional defendant in the original proceeding, he did not set forth against the additional defendant any claim for the injuries and damages which are the subject of the present lawsuit.

In new matter, defendant alleged these facts, and in reply to the new matter, plaintiff in this case averred

that his claim exceeding $2,000 could not have been heard before the board of arbitrators and, consequently, must be tried before this court.

These facts present the following general questions:

Where a plaintiff sues a defendant as a result of a collision after this plaintiff had been an original defendant in a cause of action arising out of the same collision, and the original defendant there joined the present defendant as additional defendant, and the defendant there did not pursue his cause of action against the additional defendant, may plaintiff (original defendant there) now pursue his cause of action in a separate proceeding?

The question cannot be answered categorically. It all depends on the facts of each case.

At the outset, we immediately recognize that Pennsylvania Rule of Civil Procedure 2255(a) directs that in additional defendant proceedings, all causes of actions must be resolved:

"(a) The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant".

The obvious reason for this rule is to prevent multiplicity of suits: Simodejka v. Williams, 360 Pa. 332. With this, no one can disagree. As a matter of fact, Simodejka, supra, is the classic example where plaintiff was precluded from bringing his action for personal injuries in a subsequent proceeding where he had joined the present defendant as additional defendant in a previous proceeding arising out of the same circumstances, and did not there pursue his personal injury claim. The appellate court concluded that his claim was res judicata, and granted defendant's motion for judgment on the pleadings.

While Simodejka is the classic example of the imple-

mentation of Pa. R. C. P. 2255 (a), it is not necessarily controlling in the matter before us. In Simodejka there was no question that all the parties were in the proper forum to have their cause of action adjudicated. It was before the court of common pleas, which could have and would have had to hear all the causes of action. In our present matter, plaintiff Dingle was defendant before a board of arbitration, pursuant to the Act of June 16, 1836, P. L. 715, as amended. The jurisdictional amount was $2,000. Should he or could he have instituted his cause of action against the additional defendant Dattner?

In search for the answer to this question, we must review some of the cases in our jurisdiction to attempt to understand the philosophy and meaning of the court's actions under certain circumstances. First, reference should be made to Swan v. Malishiski, 47 Luz. 35. Plaintiff instituted suit requesting damages in the sum of $293.83. Defendant counterclaimed in the sum of $2,075. The court directed a severance be granted after argument by defendant that both matters could be heard before the court of common pleas. At that time, the arbitration limit was $1,000 and the court reasoned:

"This procedure would render the Arbitration Act inapplicable to any case in which a counterclaim in excess of $1,000.00 was filed, regardless of the merits of such claim. This result should not be permitted": 47 Luz. 35, 36 (1956).

The case of Koch v. Carroll, 48 Luz. 189, gives us further insight into the problem.

"Out of an automobile accident, which occurred October 23, 1955, near Wilkes-Barre, Luzerne County, Pennsylvania, three actions arose. They are:

"Jacob F. Koch v. Phillip V. Carroll, captioned above, for damages to plaintiff's car, in the amount of $792.34; this case is pending before arbitrators;

"Phillip V. Carroll and Catherine Carroll, his wife v. Jacob F. Koch for personal injuries and automobile damages 'in excess of $5,000.00', No. 675 October Term 1955; and,

"Catherine Carroll v. Jacob F. Koch and Phillip V. Carroll, additional defendant, (by stipulation and order of Court), No. 675½ October term, 1955".

The court was called upon to strike the first case from the arbitration list and to consolidate the cases, as per Pa. R. C. P. 213 (a). Said court decided that two obstacles presented themselves to defendant's motion:

"(a) Reference to arbitration is mandatory under the law and (b) until an appeal from the award there made the matter is not 'pending' before the court, so as to come within the purview of Rule 213 (a) of the Pennsylvania Rules of Civil Procedure": at page 190.

It is clear, then, that this court has examined this problem in the light of additional defendant proceedings and has concluded that reference to arbitration is jurisdictionally mandatory.

In Caprari v. Insurance Company of North America, 37 D. & C. 2d 257, 55 Luz. 267, plaintiff sued for $2,331.25, and defendant counterclaimed for $350.52. The court, in striking the counterclaim, said:

"These decisions, while not ruling upon the precise point here at issue, clearly demonstrate that the jurisdictional amount determines the forum in which a claim shall originally be heard, and that the courts cannot deviate from this standard".

Again, in Pettine v. Patterson, 18 D. & C. 2d 436, where five separate actions were filed arising out of the same accident, the court directed severance of the cases to arbitration and common pleas court, stating:

"Since the enabling statute and our rules of court provide for compulsory arbitration of all claims involving $2,000 or less, it is mandatory that such claims be submitted to arbitration and neither the arbitra-

tion administrator, nor the court, can defeat this mandate by administrative action".

In Shalamanda v. Laudeman, 18 D. & C. 2d 734, plaintiff instituted an action to recover damages to a truck owned by him and driven by his son. The claim was less than $2,000. Defendant brought in plaintiff's son as an additional defendant. However, defendant did not counterclaim, but brought a separate action for his claim, which exceeded $5,000. Defendant requested the court to consolidate all the actions for jury trial. Defendant relied on Pa. R. C. P. 213(a), which provides as follows:

"Rule 213. Consolidation, Severance and Transfer of Actions and Issues. . .

"(a) When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay".

The court denied consolidation, since it concluded the arbitration statute calls for compulsory arbitration.

At first blush, Chianese v. Heintz, 34 D. & C. 2d 253, appears to run contrary to the majority of the above cited cases. However, this is not so. Pa. R. C. P. 213(c) specifically provides for a special exception in Allegheny and Philadelphia Counties:

"(c) When an action is commenced in the County Court of Philadelphia or the County Court of Allegheny County and the defendant asserts a counterclaim or set-off in excess of the jurisdiction of the court, the entire action shall be transferred to the Court of Common Pleas of the county on the motion of any party in interest".

This court, in Swan v. Malishiski, supra, answered the same argument identically.

We would thus have to conclude that where, except in Philadelphia and Allegheny Counties, the jurisdictional amount is less than $2,000, as is the case in Luzerne County, this factor determines the forum, and in all instances where it is alleged, such matters shall be heard exclusively before a board of arbitration.

Turning now to the matter before us, while it is true that plaintiff could have instituted his cause of action in the original action, the additional defendant proceeding, had he done so, his action would have had to be severed and heard separately before a jury. Although one might suggest that this could lead to a convenient way for a defendant to overcome an oversight, this would not be so, since Pa. R. C. P. 1044(d) provides:

"(d) The court on its own motion or motion of any party may by deposition, pretrial conference, hearing or otherwise, determine the amount actually in controversy and enter an order of reference to a Board of Arbitration or of transfer to another court, or such other order as may be appropriate".

However, that is not a factor here, since it was admitted at argument that plaintiff's claim properly exceeds the arbitration limits.

Defendant cites Respecki v. Mowery, 45 Erie 349, as authority for his position. There, the court, under identical circumstances as those in the present matter, stated that if plaintiff had asserted his claim in the additional defendant proceeding, the entire matter would have been placed before a jury. However, this is not the rule as established in Luzerne County, and we do not consider this case controlling.

Defendant also argues that we cannot use the situation involving counterclaims as authority for additional defendant proceedings. With this, we cannot agree. The underlying theory of the counterclaim cases lies in the fact that the amount in controversy determines the forum, and if it is less than $2,000,

arbitration is compulsory and the courts cannot disturb this. There is no reason why this rationale should not apply to additional defendant proceedings, and Pa. R. C. P. 2255(a) cannot usurp this jurisdictional factor.

Defendant also argues that the verdict was against him alone in the additional defendant proceedings, and he was prejudiced by the fact that plaintiff did not assert his claim then. He contends that if plaintiff's verdict amount had been determined then, he might have appealed. We find no merit in this. If defendant concluded that the verdict of the board of arbitration was improper, he could have appealed. It is not now well taken to say that they might have appealed if the verdict amount for defendant (plaintiff here) was determined. The verdict was against the additional defendant (defendant here), and it was right or wrong on its merits. If defendant concluded it was an improper verdict, he was not precluded from appealing. All the necessary factors were present at the time of the verdict for defendant to decide if he wished to appeal. He did not do so. He cannot now be heard to complain.

It might be added here, parenthetically, that another reason why all claims should be asserted as required by Pa. R. C. P. 2255(a) is that it prevents inconsistent verdicts. While this is true, it is not a jurisdictional factor and is not in itself controlling. Even so, in the matter before us, an inconsistent verdict need not result, for in the arbitration proceeding, the board found for plaintiff against the additional defendant (defendant here) and in favor of defendant (plaintiff here).

Finally, defendant contends that Stevenson v. Silverman, 417 Pa. 187, sets forth the Supreme Court's doctrine of res judicata, and that the four conditions exist here:

"(1) Identity in the thing sued upon; (2) identity of the cause of action; (3) identity of persons and parties to the action; and, (4) identity of the quality or capacity of the parties suing or sued".

As stated above, the amount in the controversy governs the forum. If the forum is arbitration, it is compulsory. Here, we do not have present identity of the cause of action (no. 2), and thus, the matter is not res judicata.

For the foregoing reasons, we enter the following:

ORDER

Now, April 26, 1966, defendant's motion for judgment on the pleadings is hereby denied and dismissed.