## Renner v. Blanco Estate

*Milton D. Rosenberg*, for plaintiffs.
*John C. Pettit*, for original defendants.
*Robert S. Grigsby, Wilbur McCoy Otto* and *John R. McGinley*, for additional defendants.

HANNA, *J.*, December 2, 1974 — Plaintiffs brought an action against Dr. Dent and Charleroi-Monessen Hospital at no. 268 March term 1971, and also an action against the Estate of Jose Blanco at no. 303 March term 1971, arising from the same factual circumstances.

The Estate of Jose Blanco, at no. 303 March term 1971, brought in Dr. Dent as an additional defendant. Dr. Dent has chosen not to bring in the Estate of Jose Blanco as an additional defendant in the suit against him, but, when he was brought in as an additional defendant, he then filed a counterclaim against the Estate of Jose Blanco for indemnity or contribution in the event that he were found liable in the action no. 268 March term 1971, wherein he was original defendant.

The Estate of Jose Blanco, original defendant at no. 303 March term 1971, filed preliminary objections, denying the right of additional defendant to file such a counterclaim.

The court understands that there is an agreement by counsel of all parties that the cases will be consolidated for trial.

Original defendant complains that if additional defendant is allowed to file the counterclaim, he would in effect be getting an extension of time to add an additional defendant in the case at no. 268 March term 1971, which he would not be allowed to do in the case at that number and term, since the time for adding additional defendants has passed.

Additional defendant's argument is that, although he would not have to bring in the Estate of Jose Blanco as an additional defendant to assert a claim for contribution or indemnity in the original lawsuit if the additional suit had not been filed, his posture is now changed by being made an additional defendant in the case against the Estate of Jose Blanco.

It is his claim that once he becomes an adverse party to the Estate of Jose Blanco, it is his duty to bring whatever actions he has against the Estate of Jose Blanco now, for fear that he may be barred from bringing any additional action later on. He further argues that, even if he may not be forced to

file all actions that he may have against the Estate of Jose Blanco, he should be allowed to do so if he so chooses, since they are now adverse parties.

If we do not allow the counterclaim, all aspects of the case will have been tried except the question of the right of Dr. Dent for contribution against the Estate of Jose Blanco in the case at no. 268 March term 1971. (This, of course, presumes a verdict in that case against defendant.) We would thus be allowing the ragged end of the case to remain by forcing Dr. Dent, as a defendant, to attempt to get contribution from the Estate of Jose Blanco in a different action.

If we allow the counterclaim, we then have all aspects of the case being tried at one hearing and will have avoided a possible multiplicity of suits.

A somewhat analogous situation arose in the case of Bailey v. McCormick & Speedway Carriers, Inc., 46 Schuyl. 76 (1950), where additional defendant brought a counterclaim against defendant for damages to his motor vehicle arising out of the same set of facts upon which plaintiff brought his claim for personal injuries against original defendant. There the court allowed the counterclaim, stating that one of the purposes of third-party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liability of all parties to a single transaction which constitutes the cause of action. The court, quoting the case of Simodejka v. Williams, 360 Pa. 332, 62 A. 2d 17 (1948), states (at p. 78): "The rules of civil procedure are remedial, expressly intended to avoid multiplicity of suits, and therefore should be liberally construed to accomplish the purpose for which they were adopted."

We are of the opinion that the reasoning in the case of Bailey, supra, is persuasive and that the counterclaim should be allowed.

## ORDER

And now, December 2, 1974, the preliminary objection requesting that the counterclaim be stricken is hereby dismissed and the counterclaim of additional defendant against defendant is allowed.