Flakall Corporation, Respondent, vs. Krause and another, Appellants.

*February 11—March 8, 1955.*

*Geffs, Geffs, Block & Geffs* and *Jacob Geffs,* all of Janesville, for the appellants.

*Roberts, Roe, Boardman, Suhr & Bjork* and *Glenn D. Roberts,* all of Madison, for the respondent.

PER CURIAM. The motion of the respondent Flakall Corporation to dismiss the appeal of the appellants is hereby granted because of the contumacious contempt of appellants in defying the injunctional provisions of the judgment appealed from, without complying with the conditions for a stay imposed by the trial court. Authority for such dismissal is afforded by *Arnold v. Nat. Union of Marine Cooks, etc.* (1953), 42 Wash. (2d) 648, 257 Pac. (2d) 629, affirmed in (1954), 348 U. S. 37, 75 Sup. Ct. 92, 99 L. Ed. 46.

We consider the defense, that it is Flake Food Corporation, a Georgia corporation, whose acts have violated the injunctional provisions of the judgment below and not the appellants to be without merit. It appears that the two individual appellants own 34 of the issued 40 shares of capital stock of such corporation, that one of the remaining six shares of outstanding stock originally stood in the name of the defendant Frank C. Krause and apparently was assigned by him to a third person in order to qualify such person as a director, and that the other five shares are owned by Sarah Krause, wife of the appellant Alvin C. Krause. The inference is inescapable that the two appellants are in complete control of Flake Food Corporation, and no proof has been submitted to rebut such inference. We consider that the facts in the instant case closely parallel those in *Terminal Barber Shops, Inc., v. Zoberg* (2d Cir. 1928), 28 Fed. (2d) 807, where two majority stockholders were held accountable for the acts of the corporation which they controlled.

The appeal is accordingly dismissed.