FORT HOWARD PAPER COMPANY, Respondent, vs. FORT HOWARD CORPORATION, Appellant.

*June 5—June 22, 1956.*

For the appellant there were briefs by *Welsh, Trowbridge, Wilmer & Bills* of Green Bay, and oral argument by *George E. Bills.*

For the respondent there was a brief by *Everson, Ryan, Whitney & O'Melia* of Green Bay, attorneys, and *Maxwell H. Herriott* of Milwaukee of counsel, and oral argument by *Mr. Herriott* and *Mr. John C. Whitney.*

CURRIE, J. It is the contention of counsel for the plaintiff that the act of the defendant corporation of amending its articles so as to change its corporate name from "Fort Howard Corporation" to "Fort Howard Industrial Corpo-

ration" has rendered moot the question of whether its former corporate name of "Fort Howard Corporation" is "deceptively similar" to plaintiff's corporate name of "Fort. Howard Paper Company" within the meaning of sec. 180.07 (3), Stats.

This court in its decision in *Wisconsin E. R. Board v. Allis-Chalmers W. Union* (1948), 252 Wis. 436, 440, 32 N. W. (2d) 190, stated:

"A moot case has been defined as one which seeks to determine an abstract question which does not rest upon existing facts or rights, or which seeks a judgment in a pretended controversy when in realty there is none, or one which seeks a decision in advance about a right before it has actually been asserted or contested, or a judgment upon some matter which when rendered for any cause cannot have any practical legal effect upon the existing controversy."

Inasmuch as there is no longer in existence a corporation with the name of "Fort Howard Corporation," for this court to now determine whether such corporate name is deceptively similar to that of "Fort Howard Paper Company" would be "to determine an abstract question which does not rest upon existing facts or rights." The question is therefore moot and one which this court should not undertake to decide.

Counsel for the defendant urges that the action taken by defendant in changing its corporate name was an involuntary act on defendant's part to avoid being held in contempt of court; and, being involuntary, such act should not be held to prejudice defendant on this appeal. The recent decision of this court in *Flakall Corp. v. Krause* (1955), 269 Wis. 310, 70 N. W. (2d) 8, is illustrative of the predicament in which an appellant may find himself who fails to comply with the injunctional order or judgment appealed from without obtaining a stay of execution. However, it seems to us that counsel has failed to distinguish between an act

of compliance constituting a waiver of the right of appeal and one which renders the controversy moot. There is no waiver if the act of compliance is involuntary, but such an involuntary act of compliance may, nevertheless, under certain circumstances render the controversy moot. As pointed out in the annotation on the subject, of the effect of compliance with a civil judgment as barring the right of appeal, in 39 A. L. R. (2d) 153, 179:

"A defeated party's compliance with the judgment destroys his right to appeal where such compliance makes it impossible for the appellate court to grant him effective relief on the merits."

Because of our conclusion that the question on the merits raised by defendant's appeal has been rendered moot by defendant's act in changing its corporate name, we are required to grant plaintiff's motion to dismiss the appeal. As a result of such dismissal the circuit court, in the pending proceedings instituted subsequent to the entry of the interlocutory judgment, will determine the issue of whether defendant's present corporate name, "Fort Howard Industrial Corporation" is deceptively similar to plaintiff's corporate name. If such issue is decided adversely to defendant an appeal will lie to this court from such order or judgment.

*By the Court.*—Appeal dismissed.