## Pilgrim Food Products Company, Appellant, *v.* Filler Products, Inc.

Argued April 24, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

Jacob A. Raub, for appellant.

J. Douglas Fackenthal, with him S. Maxwell Flitter, and Fackenthal, Teel, McGiffert & Danser, for appellee.

OPINION BY MR. JUSTICE COHEN, June 30, 1958:

Plaintiff, Pilgrim Food Products Company, a Pennsylvania corporation, instituted an action in trespass by writ of foreign attachment and complaint to recover damages for fraud allegedly practiced upon it by defendant, Filler Products, Inc., a nonresident corporation.

Plaintiff alleged that on January 25, 1950, defendant fraudulently induced it to enter into a contract for the lease of a machine under which agreement the defendant obtained $5,000, and a judgment for a like sum. This judgment was attached by the writ of foreign attachment. Filler's alleged fraud consisted of certain statements made by its president and its treasurer to plaintiff that Filler had authority to deliver and license the operation of the machine, when, in fact, as these officers well knew, it had no such authority. Filler filed an answer and thereafter moved for judgment on the pleadings asserting, inter alia, that the plaintiff's

claim, having been litigated in a prior action between the parties, was barred by the final judgment therein. The lower court granted defendant's motion holding that plaintiff's action was barred under the doctrines of res judicata and collateral estoppel. This appeal followed.

The litigation out of which Filler claims the estoppel arose is based on a contract entered into between Pilgrim and Filler which provided, insofar as here relevant, for a final payment on February 15, 1950 of $5,000 by Pilgrim to Filler for the delivery and use of a Korn Kurl machine, a patented device for the manufacture of corn products for human consumption. Pilgrim failed, however, to make the payment. Filler thereupon brought suit to recover the due and unpaid sum. Pilgrim's defense was based in part upon the contention that it was advised by a representative of the Korn Kurl patent owner that Filler had no legal right to forward a machine to Pilgrim or to license the operation thereof, and that Filler had admitted that it had no such authority. The trial court directed a verdict for Filler.[1]

Subsequently, Pilgrim learned that on March 8, 1955, a judgment had been rendered by the Supreme Court of Wisconsin in the case of *Flakall Corporation v. Krause*, 269 Wis. 310, 70 N.W. 2nd 8 (1955) which terminated litigation begun in that state in 1951. This judgment Pilgrim now claims is, in effect, a determination that Filler was without right to use or to license the use of the Korn Kurl machines, and therefore had no authority to enter into the 1950 contract with Pilgrim. On this theory Pilgrim instituted the present action.

---

[1] On appeal to this Court we affirmed. See *Filler Products, Inc. v. Corriere*, 381 Pa. 394, 113 A. 2d 219 (1955).

We agree with the court below ·that the question of· whether Filler had ·the right to forward to ·Pilgrim a Korn Kurl machine and to license the operation thereof as provided for in the contract of 1950 had previously been .adjudicated as between the parties, and (under the doctrine of collateral estoppel) Pilgrim is now precluded from relitigating the issue.

In the first litigation between the parties[2] we held: "[Pilgrim's] third contention, that it was advised by representatives 'of the Flake Food Corporation that the plaintiff had no ' legal right to forward the machine to the defendant, is based on an offer of testimony which the learned trial judge excluded. The ruling was correct. A selfserving interpretation of the Flake licensing agreement by that company's representative was manifestly incompetent to affect the plaintiff's .rights under the agreement which, by the way, was in writing, was in evidence and was, therefore, for the court to construe.

"As to [Pilgrim's] fourth contention, there is no testimony whatsoever that the plaintiff admitted that it had no right to forward the machine to defendant nor is there any testimony that it did not in fact have such authority." 381 Pa., *supra,* at 398-399.

This quotation from the opinion of Justice (now Chief Justice) JONES indicates that the issue of Filler's authority was essential to the judgment, and was actually litigated and determined adversely to Pilgrim in the prior assumpsit action between the same parties. That the first proceeding between the parties was in assumpsit and the instant case is in trespass is of no effect.

"If the parties to an action have had an opportunity to appear and be heard in a prior proceeding involving

2 See note 1.

the same subject matter, all issues of fact[3] which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties even though the causes of action in the two proceedings are not identical." *Larsen v. Larsen,* 392 Pa. 609, 612, 141 A. 2d 353 (1958); *Thal v. Krawitz,* 365 Pa. 110, 112, 73 A. 2d 376 (1950); *Wallace's Estate,* 316 Pa. 148, 153, 174 Atl. 397 (1934); Restatement, Judgments §68 (1942).

Since proof of Filler's lack of authority is an indispensable element of Pilgrim's claim founded on fraud, it follows that the present action cannot succeed.

Judgment affirmed.

---

[3] If it be thought that the issue of Filler's authority is a question of law, or of mixed fact and law, the result herein reached would nevertheless be the same. See Restatement, Judgments §70 (1942) and comment on this section in Pennsylvania Annotations, Restatement, Judgments (1957).