Ede *v.* Hahn, Appellant.

Argued March 23, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Everett Kent,* for appellant.

*Francis H. S. Ede,* appellee, in propria persona.

OPINION BY ERVIN, J., June 15, 1960:

The sole question presented by this appeal is whether the counterclaim in the present action is res judicata.

On April 6, 1959 plaintiff, Francis H. S. Ede, assignee of Frederick F. Andrews and Rosemarie L. Andrews, brought an action in assumpsit against defendant, Clark Hahn. In the complaint it was averred that defendant Hahn brought an action of replevin, with bond, as of No. 78 April Term, 1949, against the Andrews, resulting in the delivery of an oil truck to Hahn; that a judgment was entered against Hahn in the amount of $2,500.00, which judgment was affirmed by the Supreme Court on April 7, 1951 and which is still unpaid; that the costs, which were itemized,

amounted to $1,064.84. The answer admitted all of the principal averments (excepting the attorney's fee of $950.00) but set forth as new matter a counterclaim and demanded recoupment. The attorney's fee of $950.00 was subsequently withdrawn and an attorney's fee of $3.00 substituted therefor. In the new matter defendant Hahn averred an oral agreement whereby Hahn was to pay $4,800.00 for the assets of an oil business, $2,500.00 in cash upon the delivery of the oil truck and the balance of $2,300.00 when the Andrews completed performance of the oral agreement. Hahn also claimed that the oral agreement provided that the Andrews would accompany Hahn "to each and every active customer and introduce" Hahn to them as the new operator of the business. He also claimed that the good will of the business was to include customer accounts of not less than 85 to 100 in number.

Plaintiffs, the Andrews, filed a pleading, which was treated as a preliminary objection, claiming that the matters set forth in the new matter were res judicata, having been adjudicated in a foreign attachment action of Hahn v. Andrews, filed to No. 2 June Term, 1952. The complaint in that action, without referring to it in detail, sets forth the same contentions as to the oral agreement for the sale of the oil business as are contained in the present action. The Andrews, in their answer, averred that the oral agreement provided that Hahn was to buy the entire business, good will, index cards, and the oil truck for the sum of $4,800.00, the title and ownership of said truck and business, however, to remain in the Andrews until such time as Hahn paid the total sum of $4,800.00 or gave security for the same. The issue thereby raised was: What was the oral agreement? After a number of trials the jury on April 15, 1957 rendered a verdict for defendants, the Andrews. Hahn's appeal to the Supreme Court

was dismissed January 14, 1959 and a petition for reconsideration was denied February 10, 1959.

An examination of the pleadings, the judge's charge and the opinion of the court in No. 2 June Term, 1952 convinces us that the issues which defendant Hahn now seeks to raise in the present action are the same as those which were raised and adjudicated in the prior action. His claim, therefore, is res judicata.

In *Pilgrim Food Products Co. v. Filler Products, Inc.*, 393 Pa. 418, 421, 422, 143 A. 2d 47, Mr. Justice COHEN sets forth the law as follows: " 'If the parties to an action have had an opportunity to appear and be heard in a prior proceeding involving the same subject matter, all issues of fact which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties even though the causes of action in the two proceedings are not identical.' Larsen v. Larsen, 392 Pa. 609, 612, 141 A. 2d 353 (1958); Thal v. Krawitz, 365 Pa. 110, 112, 73 A. 2d 376 (1950); Wallace's Estate, 316 Pa. 148, 153, 174 Atl. 397 (1934); Restatement, Judgments, §68 (1942)."

Judgment affirmed.