**Petrasko v. Fellin**

Before Brominski, P. J., and Hourigan, J.

*Patrick J. Toole* and *Rosser, McDonald, Marcus & Foley,* for plaintiff.

*Charles L. Casper,* for defendants.

HOURIGAN, J., August 23, 1972.—This matter comes before the court on defendants' motion for judgment on the pleadings and preliminary objections to plaintiff's answer thereto in the nature of a motion to strike off the pleading.

This action arises from an automobile accident on November 3, 1968. Plaintiff herein brought this suit against Delores Fellin, Thomas O. Fellin and Robert Gross. By way of a motion for judgment on the pleadings, defendants assert that a prior action was terminated by final judgment in this court filed to May term, 1969, no. 1822, wherein after jury trial, a verdict was returned in favor of Robert Gross against Mrs. Anna Petrasko and in favor of Delores Fellin. Before this suit was initiated, Mrs. Petrasko joined Delores Fellin and Thomas O. Fellin as additional defendants in the prior action, but asserted no claim for personal injuries therein but has done so in this action. Trial of this action had been stayed by order of this court pending outcome of that prior action.

Plaintiff filed an answer to defendants' motion for judgment on the pleadings and new matter, to which defendants have filed preliminary objections in the nature of a motion to strike off the pleadings for lack of conformity to law.

Pennsylvania Rule of Civil Procedure 1034(a) provides: "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings."

A motion for judgment on the pleadings is an answer. "No pleading can be filed to or against the motion for judgment on the pleadings. In the interest of bringing litigation to a halt at some point, the motion for judgment is treated as raising an issue without any counter-motion or denial being made by any adverse party": 2B Anderson, Pa. Civ. Prac. §1034.22, pages

304, 305. In view of the foregoing defendants' preliminary objections to plaintiff's answer to motion for judgment on the pleadings and new matter are well founded.

"On a motion for judgment on the pleadings by the defendant, the complaint, answer and reply to averments of new matter in the answer are considered, and all facts plead by the plaintiff which are relevant and material must be accepted as admitted even though denied": Aughenbaugh v. North American Refractories Co., 426 Pa. 211, 213 (1967).

Defendants allege that plaintiff, in filing her complaint against the additional defendant in the prior action, had to include in that complaint her claim for personal injuries. Her failure to claim for her personal injuries, they allege, is a bar against her bringing this action, and the prior verdict is res judicata to this action, claiming Simodejka v. Williams, 360 Pa. 332 (1948), mandates this result.

Plaintiff, in her complaint, alleges that there were two successive accidents and that plaintiff's injuries were caused by defendant Delores Fellin's striking plaintiff's vehicle, causing her to lose control of the automobile, and thereafter plaintiff struck the automobile driven by defendant, Robert Gross.

If this were the case, it may be possible that there are two entirely different factual situations and the doctrine developed in Simodejka v. Williams, 360 Pa. 332, does not apply if the only issue litigated is the liability for the second accident: Eakin v. Sankey, 45 D. & C. 2d 347 (1968). The actual negligence and liability for the first accident may be entirely different.

In Central Greyhound Lines of New York v. George, 379 Pa. 221, 223, 224 (1954), the court stated:

"If motorist A strikes motorist B, this does not justify motorist B in striking motorist C if he can reasonably avoid striking motorist C.

"Although only seconds apparently separated the Balkan-Western Express encounter from the Western Express-Greyhound bus crash, the two collisions were in point of physics, cause and effect, and liability as separable as if hours had divided them. When three automobiles become involved in two collisions, the line of demarcation between the collisions is drawn at the point where the culpable force of the first collision has spent itself and a new train of energy, direction and voluntary control begins."

In the present case, a jury might conclude that the cause and liability for the first accident is different from that of the second in that Fellin may have caused the Fellin-Petrasko accident even though Petrasko alone has been found to be the proximate cause of the second accident. The jury in the prior case may have found Petrasko committed some act of negligence after the collision which occurred with Fellin, which act, of itself, made Petrasko liable to Gross. This court does not know for certain the basis of the jury's verdict.

"To sustain a judgment on the pleadings they must present a case clear and free from doubt and every doubt must be resolved against the entry of such judgment": Lepore v. Italian Victory B. & L. Association, 171 Pa. Superior Ct. 35, 38 (1952).

Where the parties to an action have appeared in a prior proceeding involving the same subject matter, all issues of fact which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties: Ede v. Hahn, 192 Pa. Superior Ct. 534 (1960).

In reaching their verdict, it was necessary for the jury to determine as between Gross and Petrasko. Petrasko was the negligent party and this finding is binding on Petrasko and is res judicata: Ede v. Hahn, supra.

In view of the foregoing, we grant the motion for

judgment on the pleadings as to Gross, and dismiss as to Fellin.

## ORDER

Now, August 23, 1972, at 2:40 p.m., defendant Robert Gross' motion for judgment on the pleadings is granted, and it is further ordered that defendants Delores Fellin and Thomas O. Fellin's motion for judgment on the pleadings is dismissed.