In the Matter of: Condemnation by Urban Redevelopment Authority of Pittsburgh of Certain Land in the Second, Third and Fifth Wards of City of Pittsburgh Etc. Urban Redevelopment Authority of Pittsburgh, Appellant.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Marion E. Popiel,* for appellant.

*Michael A. Della Vecchia,* with him *Roxanne S. Eichler, Evashavik, Capone & Della Vecchia,* for appellees.

OPINION BY JUDGE CRAIG, April 5, 1983:

In this eminent domain case, the Urban Development Authority of Pittsburgh has appealed from an order of the Common Pleas Court of Allegheny County which, after a full hearing, dismissed its preliminary objections to a petition of Mr. and Mrs. James H. Rose alleging a de facto taking under section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).

Here the issues are (1) whether the petition sufficiently alleged a de facto taking, (2) whether the record established such a taking as a matter of fact, and (3) whether the Roses' previous recovery of a judgment against the authority in a trespass action bars an eminent domain proceeding by way of collateral estoppel or otherwise.

The central facts of the case, as found by Judge SCHEIB, are that the Roses' rowhouse unit, in an area designated as an urban redevelopment area since 1969, was in a five-unit row, of which the authority had acquired three units; the authority failed to rent or maintain those other units acquired by it in the same row structure, thus causing the untenantability and loss of use of the Rose unit.

Responding to the third issue first, our study of the Roses' previous trespass complaint confirms the sound conclusion of Judge SCHEIB that the cause of action there centered upon recovery for specific physical damage from water drainage issuing from the adjacent authority-owned units; fairly read, the complaint and judgment did not embrace a remedy for a taking. Nor is collateral estoppel applicable. *See Pilgrim Food Products Co. v. Filler Products,* 393 Pa. 418, 421-22, 143 A.2d 47, 49 (1958).

With respect to the first two issues, concerning the pleading and proof of sufficient facts, we conclude that the Roses solidly established a de facto taking, upon a basis very similar to that held to be sufficient in *Reingold v. Urban Redevelopment Authority of Pittsburgh,* 20 Pa. Commonwealth Ct. 266, 341 A.2d 915 (1975).

We therefore affirm upon the findings of the trial court, fully supported by the record, and we accordingly adopt the able opinion of Judge SCHEIB, as set forth in *Rose v. Urban Redevelopment Authority of Pittsburgh,* D. & C. 3d (1982).

253

ORDER

Now, April 5, 1983, the order of the Court of Common Pleas of Allegheny County, dated April 23, 1982, is affirmed.