COURT OF APPEALS
DECISION
DATED AND FILED

February 10, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1315**

Cir. Ct. No. **2017GN12**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

IN THE MATTER OF K. K:

PORTAGE COUNTY,

    PETITIONER-RESPONDENT,

  V.

K. K.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Portage County: ROBERT J. SHANNON, Judge. *Dismissed*.

¶1 FITZPATRICK, J.[1] In October 2020, Portage County petitioned for an annual review of K.K.'s protective placement under WIS. STAT. ch. 55, and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

K.K. contested the propriety of that placement. After an independent examination was conducted, Portage County moved for summary judgment. The Portage County Circuit Court granted that motion and issued a protective placement order in May 2021. On appeal, K.K. argues that summary judgment procedures are not allowed in ch. 55 proceedings.

¶2     While K.K.'s appeal was pending, Portage County petitioned for the 2021 annual review of K.K.'s protective placement. The circuit court ordered the continuation of K.K.'s protective placement, and K.K. did not contest that order and has not appealed that order. Based on this new order, any decision rendered by this court would not have any practical legal effect on the present dispute. K.K.'s appeal is therefore moot, I decline to reach the merits, and this appeal will be dismissed.

## BACKGROUND

¶3     K.K. has been in a guardianship since 2017 and has been under a protective placement order since 2018. In October 2020, Portage County petitioned for an annual review of K.K.'s protective placement under WIS. STAT. ch. 55. The circuit court appointed a guardian ad litem who indicated that K.K. was contesting the protective placement and recommended that legal counsel be appointed for K.K. After counsel was appointed, K.K. requested a jury trial and an independent evaluation. This evaluation expressed that K.K.'s protective placement should continue.

¶4     While both parties were preparing for a jury trial, Portage County filed a motion for summary judgment arguing that there were no genuine issues of material fact for a jury to decide. In response, K.K. argued that summary judgment procedures are not allowed in ch. 55 proceedings because WIS. STAT.

ch. 55 sets forth specific procedures when an individual contests the propriety of protective placement. After a hearing on the motion, the circuit court granted summary judgment for Portage County in May 2021 and ordered that K.K. remain in protective placement. K.K. appeals the circuit court's order.

¶5     Later in 2021, while this appeal was pending, Portage County petitioned for the next annual placement review, and in December 2021 the circuit court entered a new order continuing K.K.'s protective placement. K.K. did not contest the latest petition and order in the circuit court and has not appealed this latest order.[2]

## DISCUSSION

¶6     K.K. argues that the circuit court erred in granting summary judgment because it denied K.K. his right to a due process hearing as required under WIS. STAT. ch. 55. K.K. also argues that this court should address these arguments even though the December 2021 protective placement order rendered moot the issues relating to the May 2021 protective placement order. For the following reasons, this appeal is moot and the merits need not be decided.

¶7     "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Portage County v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509; *see also* *Fort Howard Paper Co. v. Fort Howard Corp.*, 273 Wis. 356, 360, 77 N.W.2d 733 (1956) (holding that a case may be moot if the case seeks "a judgment upon some matter which when rendered for

---

[2] Each party requested an extension of time to file a brief in this appeal, and the reply brief in this appeal was filed on January 21, 2022. The circuit court issued the latest protective placement order on December 22, 2021.

3

any cause cannot have any practical legal effect upon the existing controversy"). "Appellate courts generally decline to reach the merits of an issue that has become moot." *Id.*, ¶29. However, there are several established exceptions under which this court may elect to address moot issues:

> (1) "the issues are of great public importance;" (2) "the constitutionality of a statute is involved;" (3) the situation arises so often "a definitive decision is essential to guide the trial courts;" (4) "the issue is likely to arise again and should be resolved by the court to avoid uncertainty;" or (5) the issue is "capable and likely of repetition and yet evades review."

*J.W.K.*, 386 Wis. 2d 672, ¶12.

¶8 In the present case, the parties agree that the circuit court entered a new order in December 2021 continuing K.K.'s protective placement. The parties also agree that the latest petition and order were not objected to by K.K. in the circuit court, and K.K. has not appealed the latest order. Consequently, K.K.'s appeal is moot because the existence of the December 2021 protective placement order precludes the "practical legal effect" of any decision by this court regarding the May 2021 protective placement order. *See id.*, ¶11.

¶9 Nonetheless, K.K. urges this court to address the merits of this appeal on the grounds set forth in (3), (4), and (5) as quoted above in *J.W.K.* Contrary to K.K.'s argument, however, this appeal does not fit into one of those exceptions to the mootness rule.

¶10 K.K. argues that WIS. STAT. ch. 55 proceedings are "common." That is correct as far as it goes, but that does not mean that I should decide a moot issue in this appeal. First, K.K. gives me no reason to conclude that any party has requested, or any circuit court has granted, summary judgment in any prior ch. 55

4

proceeding. Second, it is quite unlikely that summary judgment will be requested by any party, or granted by any court, in any future ch. 55 case. There are due process requirements for ch. 55 protective placements, and the provisions of ch. 55 set forth detailed procedural rules for parties and courts to follow in cases involving protective placements. As relevant here, WIS. STAT. § 55.18 sets forth the following general process for annual reviews of protective placement orders which I now summarize: the county files a petition for an annual review; the court appoints a guardian ad litem who prepares a report; the court reviews that report and orders either a summary hearing or a full due process hearing (including a jury trial if requested) depending on the positions taken by the county and the respondent; and, finally, a decision is rendered on the protective placement order. Sec. 55.18(1)-(3). Based on recognized due process requirements, and the explicit procedural requirements set forth in ch. 55 by the legislature, it is quite unlikely that, in any future ch. 55 proceeding: (1) a party will request summary judgment; or (2) a circuit court will use summary judgment procedures or grant a summary judgment motion. Accordingly, I decline to decide the merits of K.K.'s moot appeal. *See J.W.K.*, 386 Wis. 2d 672, ¶12.

## CONCLUSION

¶11 For the foregoing reasons, this appeal is dismissed as moot.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.