COURT OF APPEALS
DECISION
DATED AND FILED

June 19, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP21**

Cir. Ct. No. 2021GN54

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

IN THE MATTER OF THE GUARDIANSHIP AND PROTECTIVE PLACEMENT OF T.R.Z.:

WASHINGTON COUNTY,

  PETITIONER-RESPONDENT,

 V.

T.R.Z.,

  RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Washington County: JAMES K. MUEHLBAUER, Judge. *Dismissed*.

¶1    GROGAN, J.[1] Tim[2] appeals from an order continuing his WIS. STAT. ch. 55 (hereinafter "ch. 55") protective placement and an order denying his postdisposition motion. Tim claims that: (1) the circuit court erred in denying his postdisposition order alleging ineffective assistance of counsel without holding a hearing; (2) the evidence was insufficient to support the order for protective placement or that the current placement was the least restrictive; and (3) because the County filed the Petition for his annual review one day after the statutory deadline, the court lost competency to hear the matter. This court affirms.

## I. BACKGROUND

¶2    In October 2021, Froedtert Menomonee Falls Hospital filed petitions requesting that the circuit court order a permanent guardianship and protective placement for Tim. Both petitions asserted:

> On September 15, 2021, [Tim] was admitted to Froedtert Menomonee Falls Hospital for shortness of breath. He has a history of chronic obstructive pulmonary disease, asthma, hypertension, substance abuse, severe alcohol use disorder and bipolar disorder. He suffers from confusion, severe short-term memory loss, poor judgment and poor insight. He is diagnosed with alcohol-related dementia. He cannot make informed health care or financial decisions. Due to his cognitive impairments and care needs, he requires 24-hour supervision and care in a supervised setting.

The petition for permanent guardianship indicates that Tim has "nominal" money and no assets.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Tim is a pseudonym. *See* WIS. STAT. RULE 809.19(1)(g).

¶3 Tim initially contested the petitions, but at the December 7, 2021 status hearing, Tim's lawyer advised the circuit court that Tim agreed to the guardianship and protective placement and to his niece being appointed as his guardian. The court issued orders finding Tim met the standards for a permanent guardianship and protective placement, and it appointed his niece as his guardian. The orders were based on the fact that Tim had a "degenerative brain disorder" and "serious and persistent mental illness[.]" The protective placement order indicated that Tim had only "nominal bank accounts" and that no guardian of the estate was needed because Tim's "funds constitute a small estate."

¶4 On November 2, 2022, the County filed a Petition to continue Tim's placement. Tim contested the Petition, and the circuit court set the hearing for March 21, 2023. At the start of the March 21st hearing, Tim's lawyer advised the court that Tim contested only what constituted the least restrictive placement because he liked where he was currently placed but wanted to return to an apartment-style placement. Washington County Health and Human Services adult protective services supervisor Kerrie Mazeika was the only witness to testify. Tim and his guardian made statements, but neither was placed under oath before doing so.

¶5 The circuit court ultimately found that Tim "continue[d] to meet the standards for protective placement. He would rather be in a supportive apartment. I get that, but for now at least I do hear him saying that they're good people where he is, and they're doing a good job taking care of him. He says so himself[.]" The court also noted that Tim has a degenerative brain disorder and that his "current protective placement is the least restrictive." The court advised Tim that he would receive another review in November and thereafter entered an order continuing the protective placement.

¶6      On October 31, 2023, Tim filed a postdisposition motion alleging his trial lawyer provided ineffective assistance of counsel at the March 2023 hearing by:  (1) not objecting to hearsay; (2) not objecting to Mazeika's testimony that he claimed violated WIS. STAT. § 906.02's personal knowledge requirement; (3) soliciting answers containing hearsay during Mazeika's cross-examination that helped the County prove its case; and (4) not objecting to the County's untimely filed Petition.  His motion further asserted that his trial lawyer's actions were prejudicial because without the hearsay testimony, there was insufficient evidence to support the protective placement.

¶7      In December 2023, the circuit court denied the postdisposition order without holding an evidentiary hearing.  The order noted that the court had previously granted Tim's request that it appoint an independent examiner, Dr. Joan Kojis, and that Tim's lawyer, after receiving Dr. Kojis's report, advised that he would not be calling Dr. Kojis as a witness.  In concluding that Tim's lawyer did not act ineffectively when he failed to object to the background testimony containing hearsay, the court relied on the fact that, at the hearing, Tim did not dispute that he met the standards for a protective placement and that his only objection was that he wanted to move from the group placement to an apartment-style placement.  Tim appeals.

## II.  DISCUSSION

¶8      On appeal, Tim asks this court to reverse the circuit court order denying his postdisposition motion and remand the matter for an evidentiary hearing on his ineffective assistance claim.  He also seeks dismissal of the protective order either because he believes the evidence was insufficient or

because the circuit court lacked competence to hear the matter based on the fact that the County filed its Petition one day after the statutory deadline.[3]

¶9      This court declines to address the merits of Tim's arguments because this appeal is moot.  It is undisputed that while this appeal was pending, the circuit court issued an order on March 27, 2024, again continuing Tim's protective placement in the same facility, and Tim has not appealed that decision.

¶10     "An issue is moot when its resolution will have no practical effect on the underlying controversy." *Portage County v. J.W.K.*, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509 (quoted source omitted); *see also* *Fort Howard Paper Co. v. Fort Howard Corp.*, 273 Wis. 356, 360, 77 N.W.2d 733 (1956) (a case may be moot if the case seeks "'a judgment upon some matter which when rendered for any cause cannot have any practical legal effect upon the existing controversy'" (citation omitted)).  "Appellate courts generally decline to reach the merits of an issue that has become moot." *PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶29, 317 Wis. 2d 656, 766 N.W.2d 559.  Mootness is a question of law this court reviews de novo. *Id.*, ¶25.

¶11     Tim makes two arguments regarding mootness.  First, he asks this court to conclude his appeal is not moot based on *Sauk County v. S.A.M.*, 2022 WI 46, ¶19, 402 Wis. 2d 379, 975 N.W.2d 162, and second, he argues that even if the appeal is moot, multiple mootness exceptions nevertheless apply.  This court is not persuaded.

---

[3] WISCONSIN STAT. § 55.18(1)(a) requires the County to file an annual review petition "[n]ot later than the first day of the 11th month after the initial order is made for protective placement for an individual[.]"  That would have been November 1, 2022.  The County filed the Petition on November 2, 2022.

*A.  **S.A.M.** does not control.*

¶12    This court is not convinced that ***S.A.M.***, which involved WIS. STAT. ch. 51 (hereinafter "ch. 51") recommitments, rather than ch. 55 protective placement annual reviews, controls.  In ***S.A.M.***, our supreme court explained that a ch. 51 recommitment is not moot even if it has expired because of "[WIS. STAT.] § 46.10(2)'s *mandatory* language ('shall be liable')" and because repayment is not contingent on a committed person's ability to pay certain costs related to the recommitment.  ***S.A.M.***, 402 Wis. 2d 379, ¶¶24-26 (emphasis added).  Tim argues that ***S.A.M.***'s not-moot-because-of-costs-of-care liability should apply here based on WIS. STAT. § 55.045's language regarding reimbursement for costs of care.  He says he, too, may be liable for costs of care and therefore believes his appeal is not moot.  This court rejects his argument.

¶13    ***S.A.M.***'s reasoning does not apply here.  WISCONSIN STAT. § 55.045 says:  "The department *may* require that an individual who is provided protective placement or receives protective services under this chapter provide reimbursement for services or care and custody received, *based on the ability of the individual to pay* for such costs."  (Emphases added.)  This is distinguishable from the repayment statute at issue in ***S.A.M.*** because the repayment statute applicable here, by contrast, is *not* mandatory and *is* specifically tied to an individual's *ability to pay*.  As the County points out, Tim has no ability to pay, and as a result, it will not be seeking reimbursement from him.

¶14    Because ***S.A.M.*** does not control, this court concludes Tim's appeal it moot.  As noted, it is undisputed that the circuit court entered a new order in March 2024 continuing Tim's protective placement, and, therefore, he is no longer subject to the orders underlying this appeal.  It is further undisputed that Tim has

not appealed the March 2024 order. Consequently, Tim's appeal is moot because the existence of the March 2024 protective placement order precludes the "practical legal effect" of any decision by this court regarding the March 2023 protective placement order or the December 2023 postdisposition order.

### B. Mootness exception

¶15    Although courts generally do not address issues that are moot, there are a number of recognized exceptions wherein a court may nevertheless choose to do so: (1) where "the issues are of great public importance;" (2) when "the constitutionality of a statute is involved;" (3) when "the situation arises so often 'a definitive decision is essential to guide the trial courts;'" (4) where "the issue is likely to arise again and should be resolved by the court to avoid uncertainty;" and (5) where "the issue is 'capable and likely of repetition and yet evades review.'" *J.W.K.*, 386 Wis. 2d 672, ¶12 (quoted source omitted). Tim contends that even if this appeal is moot, this court should address the merits of the issues he raises because various mootness exceptions apply. *See id*. This court declines to do so.

¶16    In regard to the mootness exceptions, Tim first argues that the issues pertaining to both trial counsel's narrowing of the scope of what was being contested at the 2023 annual review hearing and the use of unobjected-to hearsay at an annual review hearing are "of great public importance[.]" He also contends that the competency issue related to the County having filed the Petition a day late is likely to recur and that he is likely to face these same issues in future protective placement annual reviews. Further, he argues that because of the length of time it takes to appeal, these issues will evade review.

¶17    This court is not persuaded that it should address the merits of Tim's claims based on any of the mootness exceptions. First, with respect to his

7

ineffective assistance claims, the relief Tim seeks is a remand for an evidentiary hearing at which his trial lawyer could testify as to why he did not object, why he asked questions on cross-examination that seemingly aided the County's case, and why he did not object to the County filing its Petition a day late. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). However, because Tim has already had a 2024 annual review and presumably received effective assistance of counsel at that hearing given that he did not challenge that lawyer's representation, granting such relief does not serve the purpose of the mootness exceptions. Second, if any of the alleged errors that Tim raised in this appeal recurred in his most recent annual review, Tim had the opportunity to appeal from the March 2024 order. He did not do so, however, which leads this court to conclude that such allegedly recurring errors did not, in fact, recur. Accordingly, this court sees no reason to address the merits in an appeal that is otherwise moot.

¶18     Based on the foregoing, this appeal is dismissed as moot.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.